IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| v. | ) ) | COMPLAINT |
| SAFELITE GLASS CORP. | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the bases of sex and retaliation and to provide appropriate relief to Lee Laraviere-Steele, who was adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission alleges that defendant Safelite Glass Corp. ("Defendant"), discriminated against Lee Laraviere-Steele by subjecting her to a sexually hostile work environment because of her sex, female and by discharging her in retaliation for complaining about the sexually hostile work environment.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been an Ohio corporation doing business in the state of North Carolina and the City of Enfield, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Lee Laraviere-Steele filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From around March 2007 until March 2008, Defendant engaged in unlawful employment practices at its facility in Enfield, North Carolina (hereafter "the facility"), in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). Specifically, Defendant subjected Lee Laraviere-Steele to sexual harassment that created a sexually hostile work environment based on her sex, female. The harassment was perpetrated by the facility's male Human Resource Manager (hereafter "HR Manager") who had direct supervisory authority over Ms. Laraviere-Steele.

8. The sexual harassment was severe or pervasive in that it involved both sexual comments and touching. The complained of conduct occurred almost every time the HR Manager worked in the same facility as Laraviere-Steele, the frequency of which varied but was at least three days per week every other week. Moreover, some of the complained of conduct occurred when the HR Manager was traveling out of town, but would call Laraviere-Steele by phone and make sexual comments. The HR Manager would call Laraviere-Steele by phone daily and would make sexual comments to Laraviere-Steele by phone approximately three or four days out of every five days that he spoke to her by phone from out of town.

9. The sexual harassment included, but was not limited to, unwelcome sexual comments such as telling Laraviere-Steele that she is "pretty," that she looked "damn good," and that she looked nice; asking Laraviere-Steele intimate questions like asking her what color are her undergarments, and what color is her pubic hair; and telling Laraviere-Steele that her breasts look nice and/or he (the HR Manager) would like to touch her breasts.

10. The HR Manager also subjected Laraviere-Steele to sexual touching. In May 2007, the HR Manager told Laraviere-Steele that she needed to meet with him at a location away from the facility to discuss some business. While at the remote location, the HR Manager rubbed Laraviere-Steele's shoulders, tried to kiss her and tried to pull her down onto his lap. Laraviere-Steele told the HR Manager to stop, and she immediately left the room where they were meeting. On another occasion in or around May 2007, the HR Manager ran his finger along the inside of Laraviere-Steele's leg when the two were alone in the HR Manager's office. Laraviere-Steele again told him to stop. On at least three or four occasions, the HR Manager put his arm around

Laraviere-Steele, and at least once also rubbed her back and asked about her bra. On each occasion, Laraviere-Steele told the HR Manager to stop.

11. On or about March 6, 2008, Defendant engaged in unlawful employment practices at the facility in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by discharging Laraviere-Steele because she opposed employment practices made unlawful by Title VII. Specifically, Laraviere-Steele complained to Defendant's Operations Manager about the sexual harassment on or about March 3, 2008. During her complaint, Laraviere-Steele described the conduct to the Operations Manager and stated that the conduct made her uncomfortable. The next day, on or about March 4, 2008, Laraviere-Steele was out of work sick, when the HR Manager called her at home and told her that she should not have complained to the Operations Manager about the HR Manager's conduct toward her. When Laraviere-Steele next reported to work on or about March.6, 2008, the HR Manager met with her and told her that she was discharged. Thus, Defendant failed to act reasonably to stop the harassment and retaliated against Laraviere-Steele by discharging her because of her complaint.

12. The effect of the practices complained of above has been to deprive Lee Laraviere-Steele of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

13. The effect of the practices complained of above has been to deprive Lee Laraviere-Steele of equal employment opportunities and otherwise adversely affect her status as an employee because of her opposition to practices made unlawful under Title VII.

14. The unlawful employment practices complained of above were intentional.

15. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Lee Laraviere-Steele.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment or from any other employment practice that discriminates on the basis of sex, and from retaliating against employees who oppose unlawful discrimination, make a charge of unlawful discrimination, or participate in an investigation of unlawful discrimination.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Lee Laraviere-Steele by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described above, including but not limited to reinstatement or front pay.

D. Order Defendant to make whole Lee Laraviere-Steele by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make whole Lee Laraviere-Steele by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Lee Laraviere-Steele punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 6th day of August, 2010.

            Respectfully submitted,

            P. DAVID LOPEZ
            General Counsel

            JAMES L. LEE
            Deputy General Counsel

            GWENDOLYN YOUNG REAMS
            Associate General Counsel

            TRACY HUDSON SPICER
            Supervisory Trial Attorney
            Equal Employment Opportunity Commission
            131 M Street, N.E.
            Washington, D.C. 20507

            <u>/s/ Lynette A. Barnes</u>
            LYNETTE A. BARNES
            N.C. Bar No. 19732
            Regional Attorney
            Charlotte District Office
            129 W. Trade Street, Suite 400
            Charlotte, NC 28202

            <u>/s/ Suzanne L. Nyfeler</u>
            SUZANNE L. NYFELER
            VA Bar No. 40450
            Senior Trial Attorney
            Richmond Local Office
            830 East Main Street, Suite 600
            Richmond, Virginia 23219
            Telephone: (804) 771-2215
            Facsimile (804) 771-2222
            <u>suzanne.nyfeler@eeoc.gov</u>

            **ATTORNEYS FOR PLAINTIFF**