IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CIVIL ACTION NO.: 4:10-cv-00102

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| and | ) ) |
| LEE LARAVIERE-STEELE, DARRELL STEELE, | ) ) ) |
| Intervenor-Plaintiffs, | ) ) ) |
| v. | ) ) |
| SAFELITE GLASS CORP., | ) ) |
| Defendant. | ) ) ) ) |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant, Safelite Glass Corp. (the "Defendant") discriminated against Lee LaRaviere-Steele by subjecting her to sexual harassment and a hostile work environment because of her sex, female. The Commission further alleged that the Defendant discharged LaRaviere-Steele in retaliation for complaining about Defendant's sexually hostile work environment. Thereafter, Lee LaRaviere-Steele (the "Intervenor-Plaintiff") intervened through counsel, alleging violations of Title VII.

Defendant denies the allegations made by the Commission and Plaintiff-Intervenor and further denies any wrongdoing or liability. Likewise, in entering into this Consent Decree the Commission and Intervenor-Plaintiff do not disavow the allegations in their Complaints. This Consent Decree represents a compromise by the Parties and shall not constitute an adjudication of or finding on the merits of the case and shall not be construed as an admission by Defendant of any violation of Title VII.

Plaintiff-Intervenor, and Defendant, hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Lee LaRaviere-Steele the sum of Fifty Thousand Dollars

($50,000) in settlement of the Title VII claims raised in this action. Defendant shall make payment by issuing a check payable to the law firm of Batts, Batts and Bell, LLP and Lee LaRaviere-Steele. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall deliver the check to the law firm of Batts, Batts, and Bell LLP, Post Office Drawer 8228, Rocky Mount, N.C. 27804. Within ten (10) days after the check has been sent, Defendant shall send to the Commission, a copy of the check and proof of its delivery to Ms. LaRaviere-Steele's attorney.

4. Defendant certifies that its employment records for Lee LaRaviere-Steele do not contain any documents, entries, or references of any kind relating to the allegations contained in EEOC Charge Number 433-2008-06127 or to the filing and presentation of this lawsuit.

5. Defendant will provide a Letter of Reference to Lee LaRaviere-Steele in the form appended hereto as Exhibit A. Within ten (10) days of the entry of this decree by the Court, Defendant will modify its employment records and computer system to reflect that LaRaviere-Steele's employment was terminated due to a reduction in force.

6. Defendant has in place a formal, written anti-discrimination and anti-harassment policy and procedures for reporting discrimination, attached hereto as Exhibit B that it shall maintain throughout the term of this decree. Defendant shall redistribute to each current employee a copy of the open door and harassment policies within 30 days of the entry of this decree. Within 45 days of the entry of this decree Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

7. During the term of this decree, Defendant shall post a copy of its Harassment policy as described in paragraph 6 above, in its Enfield, North Carolina facility in a place where

3

it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within 30 days after the Consent Decree is entered, Defendant will post the policy and notify the EEOC that it has been posted.

8. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and non-union employees in and/or providing support to Defendant's facility located in Enfield, North Carolina. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within sixty (60) days after entry of the decree by the Court. A subsequent training program shall be conducted at approximately a one-year interval. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit C, hereby made a part of this Decree, in a place where it is visible to employees at its Enfield, North Carolina facility. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

- A. the identities of all individuals who have complained that they have been subjected to any sexual comments, sexual conduct in the workplace, and/or where the person believes that Defendant's harassment policy referenced in paragraph 6 above, was violated including by way of identification each person's name, address, telephone number, position, a description of the complaint, what action Defendant took in response to the complaint and the names of all persons involved in Defendant's response to the complaint;

- B. the identities of all individuals who have opposed any practice made unlawful under Title VII of the Civil Rights Act of 1964, or who have filed a charge, given testimony or assistance, or participated in any investigation, proceeding or hearing under the foregoing statute, including by way of identification each person's name, address, telephone number, position, a description of the opposition activity, what action Defendant took in response to the complaint, and the names of all persons involved in Defendant's response to the oppositional activity;

- C. for each individual identified in 10.A. or 10.B. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

- D. for each individual whose employment status has changed as identified in 10.B. above, a detailed statement explaining why the individual's employment status has changed.

Defendant agrees that within forty-eight (48) hours of a request by the Commission, Defendant shall provide social security numbers for individuals identified in paragraphs 10.A and 10.B above, as requested by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send EEOC a "negative" report indicating no activity.

11. The Commission may review compliance with this Decree. As part of such

5

review, upon 48 hours notice to the Defendant, the Commission may inspect Defendant's Enfield, North Carolina facility, interview employees and examine and copy documents. Notice shall be directed via e-mail to Cynthia Elliott – Cynthia.Elliott@safelite.com and to Tony Roach -Tony.Roach@safelite.com. As part of a review for compliance with the posting provisions contained in paragraphs 7 and 9 above, the Commission may inspect Defendant's Enfield, North Carolina facility without notice.

12. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have twenty (20) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Decree shall be for thirty (30) months from its entry by the Court.

14. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent to: (1) if by mail – Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202; or (2) if by email – EEOC-CTDO-decree-monitoring@eeoc.gov.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

December 5, 2012  
Date

James C. Fox  
Senior United States District Judge  
Eastern District of North Carolina

The parties jointly request that the Court approve and enter the Consent Decree:

WE ASK FOR THIS:

7

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff

P. David Lopez
General Counsel

Gwendolyn Young Reams
Associate General Counsel

Lynette Barnes
Regional Attorney
North Carolina Bar No. 19732

Kara Gibbon Haden
Supervisory Trial Attorney
North Carolina State Bar No. 26192

/s Suzanne L. Nyfeler
Suzanne L. Nyfeler
Equal Employment Opportunity Commission
Richmond Local Office
830 East Main Street, Suite 600
Richmond, Virginia 23219
Tel: (804) 771-2215
Fax: (804) 771-2222
Email: suzanne.nyfeler@eeoc.gov
Virginia Bar No. 40450

LEE LARIVERE-STEELE and
DARRELL STEELE, Intervenor-Plaintiffs.

/s Joseph L. Bell, Jr.
Joseph L. Bell, Jr.
Michael R. Smith, Jr.
Batts, Batts, and Bell LLP
Post Office Drawer 8228
Rocky Mount, N.C. 27804
Tel: (804) 771-2215
Fax: (804) 771-2222
Email: jbelljr@battslaw.com
North Carolina State Bar No. 18082
Email: msmith@battslaw.com
North Carolina State Bar No. 38519

SAFELITE GLASS CORP. and
GREGORY K. BYRD, Defendants.

COUNSEL FOR SAFELITE GLASS, INC.

/s Daniel J. Clark
Andrew C. Smith, Esq.
Daniel J. Clark, Esq.
Vorys, Sater, Seymour, and Pease, LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Tel: (614) 464-6436
Fax: (843) 719-4650
Email: acsmith@vorys.com
Ohio Bar No. 0008136
Email: djclark@vorys.com
Ohio Bar No. 0075125

Andrew K. McVeyMurchison, Taylor &
Gibson, PLLC
16 North Fifth Avenue
Wilmington, North Carolina 28401
amcvey@murchisontaylor.com
Telephone: (910) 763-2426
Fax: (910) 763-6561
North Carolina State Bar No. 20217
Local Civil Rule 83.1 Counsel

8

# EXHIBIT A

[Defendant's letterhead]

[Date]


TO WHOM IT MAY CONCERN:

Lee LaRaviere-Steele was employed by Safelite Glass Corp. in Enfield, North Carolina as a Associate Services Supervisor from January 2007 through March 2008. Her ending salary was $51,000 per year. It is Safelite's policy to limit employee reference information to the above-information.
.


Sincerely,



[Company Representative]
Safelite Glass Corp.

TEAM EXPECTATIONS

## HARASSMENT

Sexual and other harassment is a form of misconduct that undermines the integrity of the employment relationship. Harassment is not only offensive, but it may also harm morale and interfere with our effectiveness and our ability to fulfill our responsibilities to our clients/customers. All Associates, regardless of positions or jobs, must be allowed to work in an environment free from unsolicited and unwelcome sexual overtones and harassment of any form. Sexual harassment is defined as unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature when: (1) submission to such conduct is made either explicitly or implicitly a term or condition of the individual's employment; (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual; or (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.

Safelite has adopted a complaint procedure that assures a prompt, thorough, and impartial investigation of all complaints, followed by swift and appropriate corrective action as warranted. We encourage Associates to report harassment and other inappropriate conduct before it becomes severe or pervasive. While not all incidents of harassment violate the law, we intend to prevent and correct harassment and other inappropriate conduct before it becomes a violation of law. Any Associate who believes he or she has experienced or witnessed some form of sexual or other harassment or other inappropriate conduct or behavior should report the incident immediately to his or her supervisor, to the supervisor's supervisor, or to the Associate Services Department.

No one will be subject to adverse treatment or retaliation because he or she reports harassment or provides information concerning such reports. All supervisors and managers are held accountable for the effective administration of this policy. If a supervisor or other manager is advised of any alleged violation of this policy, or if he/she independently observes conduct which may be prohibited by this policy, he/she must immediately report the matter to the Associate Services Department or the Safelite Ethics Hotline at (800) 913-7183 so that an appropriate investigation can be initiated. Under no circumstances will the individual who conducts the investigation or who has any direct or indirect control over the investigation be a subordinate of the alleged harasser.

**EXHIBIT C**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** **Plaintiff,** v. **SAFELITE GLASS CORP.,** **Defendant.** | **CIVIL ACTION NO.: 4:10-CV-102** **EMPLOYEE NOTICE** |

**NOTICE TO SAFELITE GLASS CORP. EMPLOYEES**

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Safelite Glass Corp. in an employment discrimination case in which the EEOC alleged that the company discriminated against Lee LaRaviere-Steele. Specifically, the EEOC alleged Safelite Glass Corp. discriminated against Lee LaRaviere-Steele by subjecting her to a hostile work environment because of her sex, female in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). The EEOC also alleged that the company discharged Ms. LaRaviere-Steele in retaliation for engaging in a protected activity. As part of the settlement, Safelite Glass Corp. agreed to take the actions set out in the Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older), disability, or genetic information. Title VII specifically prohibits discrimination based on sex.

3. Safelite Glass Corp. will comply with Title VII in all respects. Furthermore, Safelite Glass Corp. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820
Website: www.eeoc.gov

This Notice will remain posted for at least thirty (30) months by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2015.